**Fenton GOLDEN, a/k/a Splib,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 25573.

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1969.

Max Engel, Jack Taffer, Miami, Fla., for appellant.

Morton Orbach, Asst. U. S. Atty., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

Appellant Fenton Golden appeals from a jury conviction on both counts of a two-count narcotics indictment. The first count charged the illegal distributing and dispensing of drugs for which he received a two-year sentence. The second count charged an illegal sale for which he received five years to run concurrently with the first sentence. He challenges the sufficiency of the evidence to sustain conviction though, as pointed out by the Government, his argument pertains only to the charge of illegal sale. In essence, his argument is that he acted as a purchasing agent for the Government's informer, not as a seller of narcotics or as a seller's agent. He urges that under the evidence presented there was a reasonable hypothesis of innocence which the jury could not have excluded and which therefore should have precluded a guilty verdict. Proper motion for acquittal was made.

The Circuit Court will not retry a criminal case, either as to the weight of evidence or credibility of witnesses. A jury verdict can only be reversed in the absence of substantial evidence to support it, viewing the evidence in the most

favorable *light* to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941).

Agent Nicholas Navarro testified that on the night of June 15, 1966 he and Agent Seibert searched Emmet Ganat, the informer, for narcotics and money and, finding neither, gave him $30 and placed a transmitter on his person. They followed Ganat to a certain location where they observed him meet Golden. Navarro overheard Ganat ask Golden whether he had any narcotics, to which Appellant answered, "No I do not." Ganat then said that Frank Majors had told him that he, Golden, did have narcotics. Appellant replied, "Well, yes, I do." The informer said he wanted three capsules. They walked up the street to a point where Appellant disappeared behind a building in an alley, returning in about one minute with capsules in his hand. The exchange of money for capsules was then completed. The capsules were later determined to contain heroin.

According to Appellant, he never admitted having any narcotics himself but only agreed to act as an intermediary between Ganat and Frank Majors. His position is that he found Majors standing in the alley, got the capsules from him, handed them to Ganat, and gave Majors the money. He testified further that a U. S. Treasury agent stopped him immediately after the incident and made a search but found no money. Navarro and Seibert denied ever having made a search. The jury was free to believe them and was also free to believe Navarro's testimony that he heard Golden say "Yes, I do" when pressed by the informer as to whether he had any narcotics. Moreover, the jury could reasonably infer that Appellant had the narcotics secreted in the alley and did not see Majors there or obtain the capsules from him. In resolving all the matters of credibility, the jury could find him guilty beyond a reasonable doubt.

The Judgment is affirmed.